IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MIGUEL ENRIQUEZ, et al. | : | |
| | : | |
| v. | : | CIVIL NO. CCB-12-3810 |
| | : | |
| WESTMINSTER WHOLESALE NURSERIES, LLC, et al. | : | |
| | : | |

## MEMORANDUM

Now pending before the court is a motion to dismiss filed by Westminster Wholesale Nurseries, LLC, Joseph P. Medved, and Dahlman Rivera (the "defendants") in this suit brought by Miguel Enriquez and eleven other migrant agricultural workers (the "plaintiffs") whom the defendants employed. The plaintiffs claim the defendants breached their contracts and violated their rights under the Fair Labor Standards Act (FLSA), the Maryland Wage and Hour Law (MWHL), and the Maryland Wage Payment and Collection Law (MWPCL). The issues in this case have been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, the defendants' motion to dismiss will be granted.

## BACKGROUND

The plaintiffs in this case are Mexican citizens who were employed by Westminster Wholesale Nurseries, LLC, a Maryland corporation owned and operated by Joseph Medved.[1] (Am. Compl., ECF No. 14, ¶¶ 3.1-3.3.) The plaintiffs worked as temporary foreign agricultural workers as defined under the Immigration and Nationality Act (INA) in 2009, 2010, 2011, and 2012, and for many years prior. (*Id.* at ¶¶ 3.1, 4.5.) The plaintiffs claim that the defendants breached their contracts by making improper deductions from their paychecks and by failing to pay them at the proper wage rate and to reimburse them for certain transportation costs, among

---

[1] Defendant Dahlman Rivera is Westminster's general manager. (*Id.* at ¶ 3.4.)

other alleged violations. (*Id.* at ¶ 4.11.) According to the plaintiffs, the defendants did not reimburse the plaintiffs at or before the time the plaintiffs' first week's wages were due for subsistence and travel expenses the plaintiffs incurred in order to travel from Mexico to Maryland for work. (*Id.* at ¶¶ 4.13-4.16.) The defendants also failed to reimburse the plaintiffs at or before the time their final week's wages were due for similar expenses they incurred in order to travel back to their homes in Mexico. (*Id.* at ¶¶ 4.18-4.20.) In addition, in 2011 and 2012, the defendants made weekly deductions from the plaintiffs' pay without the plaintiffs' written authorization that were unreasonable and not disclosed in clearance orders submitted to the U.S. Department of Labor. (*Id.* at ¶¶ 4.36, 4.2.)

On December 28, 2012, the plaintiffs filed a complaint against the defendants alleging breach of contract and violations of the Fair Labor Standards Act (FLSA), the Maryland Wage and Hour Law (MWHL), and the Maryland Wage Payment and Collection Law (MWPCL). The plaintiffs filed an amended complaint on April 5, 2013, alleging the same claims and seeking unpaid minimum and overtime wages, damages, costs and attorneys' fees, and a declaratory judgment that the defendants violated the plaintiffs' rights under FLSA, MWHL, and MWPCL, and breached the plaintiffs' contracts with the defendants. On April 19, 2013, the defendants filed the pending motion to dismiss.

## ANALYSIS

**Standard of Review**

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially

aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

**Discussion**

The plaintiffs allege the defendants violated FLSA "by failing to pay at least the minimum wage for each hour worked in each discrete work week." (ECF No. 14, ¶ 5.2.) FLSA requires employers to pay wages not less than $7.25 per hour to each employee who is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a)(1). "FLSA does not guarantee that employees are paid for every hour of work." *Avery v. Chariots for Hire*, 748 F. Supp. 2d 492, 501 (D. Md. 2010) (citing *Blankenship v. Thurston Motor Lines*, 415 F.2d 1193 (4th Cir. 1969). Indeed, in *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490

3

(2d Cir. 1960), the court rejected a 206(a) claim brought by security guards who alleged that they were not paid the statutory minimum wage for each hour worked. The court concluded:

> If the total wage paid to each guard in this case during any given week is divided by the total time he worked that week, the resulting average hourly wage exceeds [the statutory minimum rate] for every week and every guard involved. We believe this is all that is necessary to meet the requirements of 206(a). . . . [T]he Congressional purpose is accomplished so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute."

*Id.* Accordingly, an employer has satisfied his obligations under FLSA "so long as 'each employee received during each week compensation equal to or exceeding the product of the total number of hours worked and the statutory minimum hourly rate.'" *Blankenship*, 415 F.2d at 1198 (quoting *Klinghoffer*, 285 F.2d at 493).

In the present case, the plaintiffs do not allege that they were paid less than the statutory minimum wage for the total number of hours they worked each week. Rather, the plaintiffs claim that they were not paid the minimum wage "for each hour worked." The plaintiffs base their FLSA claim on the defendants' alleged failure to reimburse the plaintiffs for their inbound and outbound travel expenses "at or before the time" their first and final weeks' wages were due. (ECF No. 14, ¶¶ 4.16, 4.20.) They argue that the timing of defendants' reimbursement brought their wages below the minimum wage. The relevant regulations, however, do not support this claim. These regulations state that the employer must pay the worker for reasonable costs incurred for transportation and daily subsistence from the place from which the worker has come to the place of employment "if the worker completes 50 percent of the work contract period" and for similar costs for travel from the place of employment to the place from which the worker departed "[i]f the worker completes the work contract period." 20 C.F.R. § 655.122(h). The plaintiffs do not allege that they were not fully reimbursed for their inbound and outbound travel costs or that these reimbursements did not occur upon their completion of "50 percent of the

work contract period" or the entire work contract period, allegations which could conceivably support a claim that the plaintiffs were not paid the statutory minimum wage for those particular weeks. Moreover, the plaintiffs' other allegations pertain only to their state law claims. Accordingly, the plaintiffs have failed to state a cause of action under Section 206(a) of FLSA. The court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(3).

      A separate Order follows.

<u>August 22, 2013</u>                                                 <u>      /s/      </u>
Date                                                             Catherine C. Blake
                                                                          United States District Judge